UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HUSSAIN D. VAHIDALLAH,<br><br>        Plaintiff,<br><br>v.<br><br>AT&T,<br><br>        Defendant. | Case No.: 3:16-cv-01980-GPC-AGS<br><br>**ORDER DISMISSING PLAINTIFF's FIRST AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2)**<br><br>**[ECF No. 14.]** |

  Before the Court is Plaintiff Hussain D. Vahidallah's First Amended Complaint ("FAC") against Defendant AT&T ("Defendant"). (Dkt. No. 14.) Based on the following reasons and the applicable law, the Court **DISMISSES** Plaintiff's FAC.

## BACKGROUND

  Plaintiff, proceeding *pro se*, filed his original Complaint against Defendant on August 5, 2016. (Dkt. No. 1.) On August 11, 2016, the Court granted Plaintiff's motion to proceed *in forma pauperis* ("IFP"). (Dkt. No. 4.) On October 5, 2016, the Court conducted an initial screening of Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2) and dismissed Plaintiff's Complaint for failure to state a claim. (Dkt. No. 11.) The Court informed Plaintiff of the deficiencies in his Complaint and granted Plaintiff leave to

amend his Complaint within 45 days of the Court's Order.  (*Id.*)  Plaintiff filed his FAC, *nunc pro tunc*, on November 1, 2016.  (Dkt. No. 14.)

## DISCUSSION

### I.  Initial Screening Pursuant to 28 U.S.C. § 1915(e)(2)

#### A. Legal Standard

Notwithstanding Plaintiff's IFP status or the payment of any filing fees, the Court must review complaints filed by all persons proceeding IFP and must sua sponte dismiss any complaint, or any portion of a complaint, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune.  *See* 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)).

All complaints must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" falls short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

"When there are well-pleaded factual allegations, a court should assume their veracity, and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679; *see also Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) ("[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff."); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)").

However, while the court "ha[s] an obligation where the petitioner is pro se,

particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt," *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)), it may not "supply essential elements of claims that were not initially pled," *Ivey v. Bd. of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

**B. Plaintiff's FAC**

Plaintiff alleges that Defendant discriminated against him due to his race, Iranian national origin, and disability. (Dkt. No. 14 at 3, 6–7.) Specifically, Plaintiff alleges that he has neuropathy. (*Id.* at 6.) Plaintiff asserts that he needs a wireless phone, requesting the Court to order Defendant to provide him with a phone. (*Id.*) Plaintiff alleges that on July 18, 2016, he underwent a colonoscopy and was unable to communicate with the endoscopy center because he had no phone. (*Id.* at 7.) Plaintiff alleges that Defendant knew of his condition and discriminated against Plaintiff because he is enrolled in the "California LifeLine" program and receives social security benefits. (*Id.*)

To substantiate the allegations in his FAC, Plaintiff attaches a number of exhibits regarding his social security benefits (*id.* at 9–14), a checking account statement (*id.* at 13), his poetry and writings (*id.* at 14–20), a prescription from a physician for neuropathic pain (*id.* at 21), a letter from the California LifeLine program informing Plaintiff of his qualification for the program (*id.* at 22), an AT&T statement (*id.* at 23–24), and a statement expressing Plaintiff's need for a phone (*id.* at 25).

Plaintiff brings claims under 42 U.S.C. § 1983, 42 U.S.C. § 1981, the Americans with Disabilities Act ("ADA"), and Title VII of the Civil Rights Act of 1964. (*Id.* at 7.)

**C. Plaintiff's Claims**

Plaintiff brings claims under Title II and Title III of the ADA. Plaintiff first cites 42 U.S.C. § 12132. (Dkt. No. 14 at 2.) To prove that a public program or service violated Title II of the ADA, a plaintiff must show: (1) he is a "qualified individual with a disability"; (2) he was either excluded from participation in or denied the benefits of a public entity's services, programs, or activities, or was otherwise discriminated against by

the public entity; and (3) such exclusion, denial of benefits, or discrimination was by reason of his disability.  42 U.S.C. § 12132; *Duvall v. Cty. of Kitsap*, 260 F.3d 1124, 1135 (9th Cir. 2001), *as amended on denial of reh'g* (Oct. 11, 2001).  In his FAC, Plaintiff alleges that he receives social security and disability benefits and has neuropathy.  (Dkt. No. 14 at 2, 6.)  Even assuming Plaintiff sufficiently alleges facts showing that he is a qualified individual with a disability, Plaintiff does not allege any nonconclusory facts satisfying the other foregoing elements.  Plaintiff fails to state a claim under Title II of the ADA.

Plaintiff next cites Title III of the ADA.  (Dkt. No. 14 at 3.)  To prevail on a Title III discrimination claim, the plaintiff must show that (1) he is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public accommodations by the defendant because of his disability.  42 U.S.C. §§ 12182(a)-(b); *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 730 (9th Cir. 2007).  As explained above, even assuming Plaintiff sufficiently alleges facts showing that he is disabled within the meaning of the ADA, Plaintiff does not allege that Defendant is a private entity that owns, leases, or operates a place of public accommodation, or that he was denied public accommodations by Defendant because of his disability.  Accordingly, Plaintiff fails to state a claim for violation of his rights under Title III of the ADA.

Plaintiff brings a claim under Title VII of the Civil Rights Act of 1964.  (Dkt. No. 14 at 7.)  Under Title VII, an employer may not "fail or refuse to refer for employment, or otherwise to discriminate against, any individual because of his race, color, religion, sex, or national origin, or to classify or refer for employment any individual on the basis of his race, color, religion, sex, or national origin."  42 U.S.C. § 2000e-2(a)(2).  Plaintiff alleges no facts regarding his employment by Defendant or Defendant's employment practices.  Plaintiff fails to state a claim under Title VII.

Plaintiff seeks relief under 42 U.S.C. § 1981.  (Dkt. No. 14 at 3.)  42 U.S.C. § 1981 gives all citizens of the United States "the same right in every State or Territory to make

and enforce contracts . . . as is enjoyed by white citizens." The statute has been interpreted to prohibit discriminatory government interference with private contracts as well as purely private discrimination in contracts. *Addisu v. Fred Meyer, Inc.*, 198 F.3d 1130, 1137 (9th Cir. 2000). Proof of intent to discriminate is necessary to establish a violation of § 1981. *Imagineering, Inc. v. Kiewit Pac. Co.*, 976 F.2d 1303, 1313 (9th Cir. 1992). A plaintiff must at least allege facts that would support an inference that defendants intentionally and purposefully discriminated against him. *Id.* Here, Plaintiff does not allege nonconclusory facts supporting an inference of intentional discrimination by Defendant on the basis of race. (*See, e.g.*, Dkt. No. 14 at 5.) Nor does Plaintiff allege facts regarding discriminatory interference with his right to make and enforce contracts.

Plaintiff seeks relief under 42 U.S.C. § 1983. (Dkt. No. 14 at 3.) Plaintiff asserts conclusorily that his federal rights under 42 U.S.C. § 1981 were violated, and that accordingly, he states a claim under § 1983. (*Id.* at 5.) A claim under § 1983 requires: "(1) a violation of rights protected by the Constitution or created by federal statute, (2) proximately caused (3) by conduct of a person (4) acting under color of state law." *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991) (internal quotation marks omitted). There is a presumption that "private parties are not generally acting under color of state law." *Price v. State of Hawaii*, 939 F.2d 702, 707–08 (9th Cir. 1991). Here, Plaintiff does not allege that Defendant acted under color of state law and accordingly fails to state a claim for relief under § 1983. Indeed, Plaintiff admits that Defendant is a "private entity." (Dkt. No. 14 at 7.) Plaintiff's § 1983 claim fails for the additional reason that Plaintiff fails to allege a violation of a federal right. Accordingly, Plaintiff fails to state a claim under § 1983.

Finally, Plaintiff cites to language from 10 U.S.C. § 4361. (Dkt. No. 14 at 6–7.) 10 U.S.C. § 4361 provides that the Secretary of Defense and the Superintendent of West Point are to "prescribe a policy on sexual harassment and sexual violence applicable to the cadets and other personnel of the Academy", and provide "required training on the policy for all cadets and other Academy personnel." *Doe v. Hagenbeck*, 98 F. Supp. 3d

672, 677 (S.D.N.Y. 2015) (quoting 10 U.S.C. § 4361).  Plaintiff has not alleged any relevant facts regarding 10 U.S.C. § 4361.

## CONCLUSION

For the foregoing reasons, the Court:

1. **DISMISSES** Plaintiff's FAC for failure to state a claim upon which relief can granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B).
2. **GRANTS** Plaintiff forty-five (45) days leave from the date of this Order in which to re-open the case by filing a Second Amended Complaint which cures all the deficiencies of pleading described in this Order.  Plaintiff is reminded that if he elects to file a Second Amended Complaint, it must be complete by itself without reference to the original pleading.  *See* S.D. CAL. CIV. LR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").

**IT IS SO ORDERED.**

Dated:  December 12, 2016

Hon. Gonzalo P. Curiel
United States District Judge