UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HUSSAIN D. VAHIDALLAH,<br><br>Plaintiff,<br><br>v.<br><br>AT&T,<br><br>Defendant. | Case No.:  3:16-cv-01980-GPC-AGS<br><br>**ORDER DISMISSING WITH PREJUDICE PLAINTIFF's SECOND AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2)**<br><br>**[ECF No. 17.]** |

Before the Court is Plaintiff Hussain D. Vahidallah's Second Amended Complaint ("SAC") against Defendant AT&T ("Defendant").  (Dkt. No. 17.)  Based on the following reasons and the applicable law, the Court **DISMISSES** Plaintiff's SAC with prejudice.

### BACKGROUND

Plaintiff, proceeding *pro se*, filed his original Complaint against Defendant on August 5, 2016.  (Dkt. No. 1.)  On August 11, 2016, the Court granted Plaintiff's motion to proceed *in forma pauperis* ("IFP").  (Dkt. No. 4.)  On October 5, 2016, the Court conducted an initial screening of Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2) and dismissed Plaintiff's Complaint for failure to state a claim.  (Dkt. No. 11.)  The Court

informed Plaintiff of the deficiencies in his Complaint and granted Plaintiff leave to amend his Complaint within 45 days of the Court's Order.  (*Id.*)

Plaintiff filed his FAC, *nunc pro tunc* to October 31, 2016.  (Dkt. No. 14.)  On December 12, 2016, the Court conducted an initial screening of Plaintiff's FAC pursuant to 28 U.S.C. § 1915(e)(2) and dismissed Plaintiff's FAC for failure to state a claim.  (Dkt. No. 15.)  The Court again informed Plaintiff of the deficiencies in his Complaint and granted Plaintiff leave to amend his Complaint within 45 days of the Court's Order.  (*Id.*)

Plaintiff filed his SAC, *nunc pro tunc* to January 10, 2017.  (Dkt. No. 17.)

## DISCUSSION

### I.    Initial Screening Pursuant to 28 U.S.C. § 1915(e)(2)

### A. Legal Standard

Notwithstanding Plaintiff's IFP status or the payment of any filing fees, the Court must review complaints filed by all persons proceeding IFP and must *sua sponte* dismiss any complaint, or any portion of a complaint, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune.  *See* 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)).

All complaints must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id.*  The "mere possibility of misconduct" falls short of meeting this plausibility standard.  *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

"When there are well-pleaded factual allegations, a court should assume their veracity, and then determine whether they plausibly give rise to an entitlement to relief."

2

*Iqbal*, 556 U.S. at 679; *see also Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) ("[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff."); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)").

However, while the court "ha[s] an obligation where the petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt," *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)), it may not "supply essential elements of claims that were not initially pled," *Ivey v. Bd. of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

### B. Plaintiff's SAC

Plaintiff alleges that AT&T conspired together with Mr. Jan Goldsmith, the City Attorney of San Diego, and United States District Judge Michael M. Anello.  (Dkt. No. 17 at 1, 3.)  Plaintiff asserts that Mr. Goldsmith and AT&T, pursuant to a conspiracy, discriminated against him and denied him unspecified "public help."  (*Id.* at 2–3.) Plaintiff alleges that the federal court determined his disability twenty years ago.  (*Id.* at 2.)  Plaintiff alleges that he has had phone service with AT&T for forty years and has been on California Lifeline for many years, and that because AT&T partnered with Lifeline, AT&T and Mr. Goldsmith had knowledge that Plaintiff is disabled.  (*Id.* at 2.)

Plaintiff avers that "[i]n fact, my complaints and problems are with Mr. Jan I. Goldsmith and his commissions," alleging, *inter alia*, that the City shut off his water, and that his caregivers spied on him and worked for Mr. Goldsmith and his commissions.  (*Id.* at 5.)  Plaintiff asserts without explanation that he has evidence that county employees of San Diego discriminated against him.  (*Id.* at 8.)  Plaintiff also states without further elaboration that he has 1,000,000 pages and three books of evidence regarding misrepresentations by Mr. Goldsmith.  (*Id.* at 3.)  Notably, Plaintiff does not explain how any of the alleged misconduct by the City, Mr. Goldsmith, and county employees relates

1  to AT&T.

2      Plaintiff alleges that he holds a Ph.D. in psychology and in psychopharmacology as

3  well.  (*Id.* at 8.)  Plaintiff attaches to his SAC many documents that are seemingly

4  unrelated to his allegations.  (*Id.* at 9–30.)

5      **C. Plaintiff's Claims**

6      Plaintiff asserts that AT&T entered into a conspiracy with Mr. Goldsmith in

7  violation of 42 U.S.C. §§ 1985 and 1986.  (*Id.* at 1.)  However, the Supreme Court has

8  stated that

9      "the [statutory] language requiring intent to deprive of *equal* protection, or *equal*
       privileges and immunities, means that there must be some racial, or perhaps
10     otherwise class-based, invidiously discriminatory animus behind the conspirators'
       action.  The conspiracy, in other words, must aim at a deprivation of the equal
11     enjoyment of rights secured by the law to all."

12

13  *United Bhd. of Carpenters & Joiners of Am., Local 610, AFL-CIO v. Scott*, 463 U.S. 825,

14  835 (1983) (quoting *Griffin v. Breckenridge*, 403 U.S. 88, 101 (1971)).  Here, beyond

15  conclusory assertions, Plaintiff avers no factual assertions raising a plausible inference of

16  racial or other invidiously discriminatory animus.  Plaintiff's claim pursuant to §§ 1985

17  and 1986 accordingly fails.

18      Plaintiff asserts a claim for misrepresentation, without any supporting factual

19  assertions showing that AT&T's conduct was fraudulent.  (Dkt. No. 17 at 4.)  The

20  elements of fraud require "(a) misrepresentation (false representation, concealment, or

21  nondisclosure); (b) knowledge of falsity (or "scienter"); (c) intent to defraud, i.e., to

22  induce reliance; (d) justifiable reliance; and (e) resulting damage."  *Small v. Fritz*

23  *Companies, Inc.*, 65 P.3d 1255, 1258 (Cal. 2003) (internal citation and quotation marks

24  omitted).  Plaintiff supplies no factual assertions regarding fraud by AT&T.

25      Plaintiff brings claims under Title II and Title III of the Americans with

26  Disabilities Act ("ADA").  (Dkt. No. 17 at 2–3, 7–8.)  To prove that a public program or

27  service violated Title II of the ADA, a plaintiff must show: (1) he is a "qualified

28  individual with a disability"; (2) he was either excluded from participation in or denied

the benefits of a public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (3) such exclusion, denial of benefits, or discrimination was by reason of his disability.  42 U.S.C. § 12132; *Duvall v. Cty. of Kitsap*, 260 F.3d 1124, 1135 (9th Cir. 2001), *as amended on denial of reh'g* (Oct. 11, 2001).  As a threshold matter, although Plaintiff alleges that he was denied the benefits of participating in California Lifeline, a state program for which AT&T is allegedly a "partner," Title II does not apply to private entities like AT&T.  *See* 42 U.S.C. § 12131 (defining "public entity" as "any State or local government," "any department, agency, special purpose district, or other instrumentality of a State or States or local government," and "the National Railroad Passenger Corporation, and any commuter authority"); *Wilkins-Jones v. Cty. of Alameda*, 859 F. Supp. 2d 1039, 1048 (N.D. Cal. 2012) (holding that while the Ninth Circuit has not yet expressly ruled on the issue, the statutory language of Title II does not apply to private entities that are government contractors); *Stewart v. California Dep't of Educ.*, 493 F. App'x 889, 891 (9th Cir. 2012) (citing *Zimmerman v. Or. Dep't of Justice*, 170 F.3d 1169, 1180 (9th Cir. 1999), for the proposition that "private entities are not subject to Title II of the ADA").  Moreover, beyond a conclusory statement that the federal court determined that he was disabled twenty years ago, Plaintiff provides no factual assertions allowing a plausible inference that he is currently disabled within the meaning of the ADA.  Plaintiff also provides no factual assertions, beyond stating that Defendant knew he was disabled, showing that he was discriminated against by reason of his disability.  Accordingly, Plaintiff fails to state a claim under Title II of the ADA.

To prevail on a Title III discrimination claim, the plaintiff must show that (1) he is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public accommodations by the defendant because of his disability.  42 U.S.C. §§ 12182(a)-(b); *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 730 (9th Cir. 2007).  Plaintiff merely alleges, without more, that Defendant is a private entity that owns and operates

1   AT&T as a public accommodation.  (Dkt. No. 17 at 2.)  Plaintiff further alleges

2   conclusorily that he was denied public accommodation by Defendant because of his

3   disability.  (Dkt. No. 17 at 3.)  And as explained above, Plaintiff does not assert

4   nonconclusory facts leading to a plausible inference that he is currently disabled within

5   the meaning of the ADA.  These threadbare recitals of the elements of a Title III claim

6   under the ADA do not suffice.  Accordingly, Plaintiff fails to state a claim for violation of

7   his rights under Title III of the ADA.

8          Plaintiff alleges a claim under Title VII of the Civil Rights Act of 1964 but does

9   not do more than cite a smattering of case law regarding the statute.  (Dkt. No. 17 at 6.)

10  Under Title VII, an employer may not "fail or refuse to refer for employment, or

11  otherwise to discriminate against, any individual because of his race, color, religion, sex,

12  or national origin, or to classify or refer for employment any individual on the basis of his

13  race, color, religion, sex, or national origin."  42 U.S.C. § 2000e-2(a)(2).  Plaintiff alleges

14  no facts regarding employment by Defendant or Defendant's employment practices.

15  Accordingly, Plaintiff fails to state a claim under Title VII.

16         Plaintiff seeks relief under 42 U.S.C. § 1981.  (Dkt. No. 17 at 7.)  42 U.S.C. § 1981

17  gives all citizens of the United States "the same right in every State or Territory to make

18  and enforce contracts . . . as is enjoyed by white citizens."  The statute has been

19  interpreted to prohibit discriminatory government interference with private contracts as

20  well as purely private discrimination in contracts.  *Addisu v. Fred Meyer, Inc.*, 198 F.3d

21  1130, 1137 (9th Cir. 2000).  Proof of intent to discriminate is necessary to establish a

22  violation of § 1981.  *Imagineering, Inc. v. Kiewit Pac. Co.*, 976 F.2d 1303, 1313 (9th Cir.

23  1992).  A plaintiff must at least allege facts that would support an inference that

24  defendants intentionally and purposefully discriminated against him.  *Id.*  Here, Plaintiff

25  does not allege nonconclusory facts supporting an inference of intentional discrimination.

26  Nor does Plaintiff allege facts regarding discriminatory interference with his right to

27  make and enforce contracts.  Plaintiff does not state a claim under § 1981.

28         Plaintiff asserts a 42 U.S.C. § 1983 claim against AT&T, a private entity.  (Dkt.

No. 17 at 5–7.)  A claim under § 1983 requires: "(1) a violation of rights protected by the Constitution or created by federal statute, (2) proximately caused (3) by conduct of a person (4) acting under color of state law." *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991) (internal quotation marks omitted).  There is a presumption that "private parties are not generally acting under color of state law." *Price v. State of Hawaii*, 939 F.2d 702, 707–08 (9th Cir. 1991).  Where a private party conspires with state officials to deprive others of constitutional rights, the private party is acting under color of state law. *See Tower v. Glover*, 467 U.S. 914, 920 (1984).  However, "[t]o prove a conspiracy between the state and private parties under [§] 1983, the [plaintiff] must show an agreement or meeting of the minds to violate constitutional rights.  To be liable, each participant in the conspiracy need not know the exact details of the plan, but each must at least share the common objective of the conspiracy." *United Steelworkers of Am. v. Phelps Dodge Corp.*, 865 F.2d 1539, 1540–41 (9th Cir. 1989) (en banc) (internal citations and internal quotation marks omitted).  Furthermore, conclusory allegations do not state a claim of conspiracy.  *Simmons v. Sacramento Cty. Superior Court*, 318 F.3d 1156, 1161 (9th Cir. 2003).  Plaintiff does little more than assert that the conduct complained of occurred under color of state law.  (Dkt. No. 17 at 7.)  While Plaintiff summarily concludes that Defendant is in a conspiracy with Mr. Goldsmith, the City Attorney of San Diego, Plaintiff does not assert any nonconclusory assertions regarding AT&T's conduct that renders his claim for relief plausible.  Moreover, Plaintiff's § 1983 claim fails for the additional reason that Plaintiff fails to allege a violation of a federal right.  Accordingly, Plaintiff fails to state a claim under § 1983.

Where amendment would be futile, dismissal may be ordered with prejudice.  *See Dumas v. Kipp*, 90 F.3d 386, 393 (9th Cir. 1996).  Moreover, "where the plaintiff has previously been granted leave to amend and has subsequently failed to add the requisite particularity to its claims, the district court's discretion to deny leave to amend is particularly broad." *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009), *as amended* (Feb. 10, 2009) (internal citation, quotation marks, alteration

1 omitted).  Although Plaintiff has amended his Complaint twice, each subsequent
2 amendment has failed to cure the deficiencies in his claims.  Having previously granted
3 Plaintiff leave to amend twice to no avail, the Court declines to grant Plaintiff leave to
4 further amend his SAC.  Concluding that amendment would be futile, the Court orders
5 that this case be dismissed with prejudice.

**CONCLUSION**

7        For the foregoing reasons, the Court **DISMISSES WITH PREJUDICE** Plaintiff's
8 SAC for failure to state a claim upon which relief can granted pursuant to 28 U.S.C. §§
9 1915(e)(2)(B).

10        **IT IS SO ORDERED.**

11 Dated:  January 31, 2017

Hon. Gonzalo P. Curiel
United States District Judge